# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

STACY TUBBS                                                                         PETITIONER
ADC #113786


v.                            5:09-cv-00183-JMM-JJV


LARRY NORRIS, Director,
Arkansas Department of Correction                                                   RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is a Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 of Stacy Tubbs, an inmate in the custody of the Cummins Unit of the Arkansas Department of Correction (ADC).

## I. Background

On January 17, 2006, a jury sitting in Union County Arkansas convicted Mr. Tubbs of possession of a controlled substance (cocaine) with intent to deliver. He was sentenced as a habitual offender to life imprisonment and a $25,000 fine. Petitioner filed a direct appeal and argued that the circuit court erred in denying his motion for a directed verdict because there was insufficient evidence to submit the case to a jury. The Supreme Court of Arkansas rejected Petitioner's argument and affirmed his conviction on May 10, 2007. *Tubbs v. White*, 257 S.W.3d 47 (Ark. 2007).

Mr. Tubbs next filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. The circuit court denied his petition. However, the Arkansas Supreme Court

granted Petitioner's motion for belated appeal of his Rule 37.1 petition. *Tubbs v. State*, 2009 WL 277635 (Ark. 2009). In his petition for post-conviction relief, Mr. Tubbs alleged that trial counsel was ineffective for failing to move to suppress items seized during a search of his car. Petitioner asserted that the search was illegal because the traffic stop from which the search resulted was pretextual. (Doc. No. 8, Exh. C at 2). The Supreme Court of Arkansas rejected Petitioner's argument and dismissed his petition for post-conviction relief on April 30, 2009. *Tubbs v. State*, 2009 WL 1770978 (Ark. 2009).

Mr. Tubbs has now filed the instant petition seeking habeas relief based on two grounds: (1) there was insufficient evidence to support the jury's verdict; and (2) his lawyer was ineffective for not objecting to the search of his vehicle because the traffic stop was pretextual. (Doc. No. 2).

## II.  Analysis

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court

3

arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

In a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those finding may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem*, 514 U.S. 765, 769 (1995)); *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006).

### A. Insufficient Evidence Claim

Petitioner argues that "the contraband (crack cocaine) was not proven beyond a reasonable doubt to have been in the possession of Petitioner Tubbs via any reliable indicia except it was proved by pure speculation, conjecture, and implication." (Doc. No. 2 at 6). In determining whether there is sufficient evidence to support a conviction, this Court's scope of review is "extremely limited." *Sera v. Norris,* 400 F.3d 538, 543 (8th Cir. 2005) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)). Whether this Court believes the evidence at trial established guilt beyond a reasonable doubt is irrelevant. *Id*. Rather, under *Jackson v. Virginia* this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any

4

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-319). In doing so, the Court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and "must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). "This standard recognizes that it is the province of the fact-finder, not this court 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Sera*, 400 F.3d at 543 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-319)).

The Arkansas Supreme Court's opinion on Mr. Tubbs' insufficient evidence claim is not contrary to federal law and its determination of the facts is not objectively unreasonable. When the court reviewed Petitioner's case, the Arkansas Supreme Court stated "[i]n reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *See Boyd v. State*, ___ Ark. ___ (Mar. 15, 2007)." *Tubbs v. State*, 257 S.W.3d 47, 49 (Ark. 2007). The court further noted that "[s]ubstantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *See Id*." *Id*. at 50. The test applied by the state court, which is based on state law, does not contradict the reasoning or holding of the United States Supreme Court in *Jackson*, *supra*.

Under Arkansas law, to prove beyond a reasonable doubt that a defendant possessed a controlled substance, the "State must establish that (1) the accused exercised, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband." *Stanton v. State*, 42 S.W.3d 474, 481 (Ark. 2001). Actual physical possession is not required, but constructive possession is sufficient to sustain a charge. *Id*. at 480. As the Arkansas Supreme Court

5

discussed, "[c]onstructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control." *Tubbs*, 527 S.W.3d at 50.

In considering the evidence in a light most favorable to the prosecution, this Court finds that any rational trier of fact could have found beyond a reasonable doubt that Mr. Tubbs possessed a controlled substance. With respect to the sufficiency of the evidence to convict Petitioner of possession of a controlled substance, the Arkansas Supreme Court found as follows:

> Given the facts of the instant case, there was sufficient evidence under the constructive-possession inquiry to link Tubbs to the contraband under the driver's seat and in the back seat of the vehicle. The vehicle that Tubbs was operating, and in which the contraband was found, was not only registered in his name, but he also insured it. Tubbs was the driver of the vehicle and was the sole occupant at the time Officer Martin conducted the traffic stop. Large amounts of crack cocaine were not only found in a plastic bag that was sitting in the back seat, but were also found underneath the driver's seat where Tubbs was in close proximity and had access to it. Tubbs clearly exercised care, control, and management over the contraband.
>
> In addition, this court has held that an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. [*Polk v. State*,73 S.W.3d 609 (Ark. 2002)](citing *Heard v. State,* 316 Ark. 731, 876 S.W.2d 231 (1994)). Officer Martin testified that Tubbs became very animated, to the point of being argumentative, when Officer Nichols was conducting the canine sweep. He stated that Tubbs became more animated and more argumentative the closer that Officer Nichols came to where the contraband was located. After the canine signaled the presence of narcotics, Officer Martin further testified that, even though the insurance and registration were in Tubbs's name, Tubbs told him "Well, you know, it's not my vehicle. I was borrowing that vehicle." Here, the contraband was exclusively accessible to Tubbs, and we hold that there was sufficient evidence that he was in constructive possession of it. Therefore, we affirm the circuit court's denial of the motion for directed verdict.

*Tubbs*, 527 S.W.3d at 50-51.

Accordingly, Petitioner has failed to meet the requirements of 28 U.S.C. § 2254(d) by showing that the Arkansas Supreme Court's adjudication of his claim that the evidence was insufficient to support his conviction is contrary to, or involved an unreasonable application of,

6

clearly established federal law, as determined by the Supreme Court of the United States. Nor has the Mr. Tubbs demonstrated that the Arkansas Supreme Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court has carefully reviewed the case, and the evidence amply supports the state court's ruling with regard to the sufficiency of the evidence. There is no merit to the Petitioner's claim for relief.

### B.     Ineffective Assistance of Counsel Claim

In his second claim, Mr. Tubbs argues his "trial counsel failed to make a proper motion to suppress the contraband seized by police on the grounds that the police traffic stop was pretextual where although contended to be a mere traffic stop a drug team happened to respond to a minor traffic stop and conducted a drug sweep of Petitioner Tubbs' vehicle." (Doc. No. 2 at 8). For a habeas petitioner to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate a lack of reasonable performance of counsel and prejudice resulting from the unreasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005). Counsel's "strategic choices made after a thorough investigation are virtually unchallengeable" in a later habeas corpus action. *Strickland,* 466 U.S. at 689. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong v. Kemna*, --- F.3d ---, 2010 WL 10389 (8th Cir. 2010) (citations omitted). "A reasonable

7

probability is one sufficient to undermine confidence in the outcome. *Id*.

The Arkansas Supreme Court applied the requirements set forth in *Strickland* to Petitioner's claims. In doing so, the court stated:

> Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007). Appellant must have alleged in the petition that counsel should have presented meritorious objections, because counsel is not ineffective for failing to make an argument that is meritless. *Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001). Counsel is presumed effective and allegations without factual substantiation are insufficient to overcome that presumption. *Nelson v. State,* 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam). Trial counsel filed a motion to suppress. The trial court's findings in the order denying postconviction relief indicate that counsel did not raise the pretextual stop argument that is the basis for appellant's claim of ineffective assistance. Whether or not trial counsel raised the issue, the failure to do so did not constitute ineffective assistance because an objection on that basis would have been without merit. Appellant challenged the motivation of the police officer in making the stop and did not otherwise challenge the basis for the stop.

*Tubbs v. State*, 2009 WL 1770978 (Ark. 2009).

Having carefully reviewed the record and the applicable law, the Court concludes that the rejection of Petitioner's ineffective assistance of counsel claim by the Arkansas Supreme Court did not involve an unreasonable application of the *Strickland* test, and was not based on an unreasonable determination of the facts in light of the evidence as set forth in 28 U.S.C. § 2254(d). *See United States v. Robinson*, 414 U.S. 218, 221, n.1 (1973) (holding that a traffic-violation arrest would not be rendered invalid by the fact that it was "a mere pretext for a narcotics search"); *United States v. Stachowiak*, 521 F.3d 852, 855 (8th Cir. 2008) (holding that "[i]t is well established a minor traffic violation provides probable cause for a traffic stop, even if it is mere pretext for a narcotics search").[1]

---

[1] Respondent contends that Petitioner "made only one factual allegation with respect to his ineffective assistance of counsel claim, while the habeas petition makes two factual allegations." (Doc. No. 8 at 2). The Court finds that Petitioner set forth the same allegations as

### III. Conclusion

Based upon the foregoing, it is recommend that the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the relief requested be DENIED.

DATED this 21st day of January, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

in his prior Rule 37 petition.